UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA           ) | |
| ) | |
| v.                                                        ) | Criminal No. 3:02cr0062(1) AS |
| ) | |
| DARRYL MICHAEL WILSON            ) | |
| ****************************                  ) | |
| DARRYL MICHAEL WILSON,            ) | |
| ) | |
| Petitioner                             ) | |
| ) | |
| v.                                                        ) | Civil No. 3:04cv0776 AS |
| ) | |
| UNITED STATES OF AMERICA,        ) | |
| ) | |
| Respondent                          ) | |

*MEMORANDUM OPINION AND ORDER*

This Court takes full judicial notice of the proceedings in United States v. Darryl Michael Wilson, 3:02cr0062. As a preliminary, there is a profoundly important statement very recently in *Knox v. United States*, No. 04-1938 (7th Cir. March 9, 2005), slip op. at pps. 5-6: "The lawyer who concentrates attention on issues that have the best chance at success does not display objective deficient performance and thus does not render ineffective assistance of counsel. The failure to anticipate shifts in legal doctrine cannot be condemned as objectively deficient." What is before this court are filings made by Darryl Michael Wilson on February 25, 2005, to which the United States of America filed a response on May 2, 2005 these pro se filings by Darryl Michael Wilson certainly are remindful of the teaching of *Haines v. Kerner*, 404 U.S. 519 (1972). *See also McNeil v. United States*, 508 U.S. 106

(1993).  It is very important as a predicate preliminary to notice that this pro se petitioner-defendant has <u>not</u> asserted actual innocence.  It must be remembered that in this case as to the petitioner-defendant, Darryl Michael Wilson, this court held a plea proceeding on May 12, 2003, now almost two years ago.  It also needs to be remembered that at that proceeding, this petitioner-defendant was under oath.  He cannot now gainsay what he asserted and stated under oath at that time and place.

Those plea proceedings were carefully done under Rule 11, General Rules of Criminal Procedure.  This court further takes note of the sentencing proceedings on December 18, 2003.  This court takes note of a vast array of recent cases emanating from the United States Court of Appeals for the Seventh Circuit in regard to sentencing issues, and particularly the *Paladino* case.  *See* Appendix "A."  Since there is now an occasion under *Paladino* to reexamine this sentence, this court will do so here and now.  With all deference to all involved, the record in this case reflects close and careful attention to the issues that have now been raised pro se by this petitioner-defendant.

This petitioner-defendant also had the benefit of representation from a series of lawyers from law firms with vast and in-depth experience over many years in this court of representing defendants charged with serious criminal conduct.  Certainly that is true of the firm of Cohen and Thiros, which this court has been dealing with for 31 and-a-half years here.  Also, the firm of Heppenheimer and Corporal falls into the same category.  It is and has been the long-standing belief of this court that the waivers of appeal and the waivers of the right to file proceedings under 28 U.S.C. §2255 should be dealt with very carefully.  This

court has done so in this case.  Understanding that the sentencing guidelines are now advisory rather than mandatory, and understanding the processes enunciated by the Court of Appeals in *Paladino* and its progeny, this court upon careful review would not alter or change the sentence.

    Relief under 28 U.S.C. §2255 is now **DENIED**.  **IT IS SO ORDERED**.

    **DATED:**  May 4, 2005

                                        **s/ ALLEN SHARP**
                              **ALLEN SHARP, JUDGE**
                              **UNITED STATES DISTRICT COURT**